IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERI EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 11-00009-CG-M |
| | ) |
| BASS PRO, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This cause is before the Court on plaintiff's motion to remand and on defendant's response (Docs. 4 & 11). Plaintiff argues that diversity jurisdiction is lacking because the amount-in-controversy requirement has not been met, pointing out that her state court complaint sought an amount of damages "not to exceed $74,999.99." Her motion is supported by her counsel's affidavit stating that she is seeking an amount less than $75,000.00 and that if a jury returns a verdict in excess of $74,999.99, plaintiff will not accept the excess amount. In response, defendant concedes that remand is appropriate, but asks that this court retain jurisdiction so that, if at any time during the litigation of the matter, even exceeding one year from the date of filing of the complaint, should the plaintiff alter her position and seek damages in an amount in excess of the jurisdictional amount, the case could again be removed to federal court.

The court agrees with the parties that remand is appropriate, given that the court has no diversity jurisdiction where the amount in controversy is not met. However, the court can not grant the defendant's request to remand while retaining jurisdiction, because it is clear that the court has no jurisdiction in the matter at all, and thus has nothing to retain. The court will observe that because plaintiff, through counsel, filed an affidavit for the purpose of securing remand, she and counsel are bound by that amount in State Court.[1]  See Flowers v. Priority Healthcare

---

[1] This Court will assume that plaintiff, through counsel, has made a candid representation concerning the value of her case. Should plaintiff or counsel take action that renders the representation made to this Court inaccurate, they will be subject to sanctions by this Court. Counsel can rest assured that such sanctions will be both swift and substantial.

Pharmacy, Inc., 2007 WL 1424330 *1 n.1 (S.D. Ala. May 10, 2007).

Accordingly, the motion to remand is due to be, and hereby is, **GRANTED.** This action is hereby **REMANDED** to the Circuit Court of Baldwin County, Alabama.

**DONE and ORDERED** this 29th day of March, 2011.

                                                  /s/ Callie V. S. Granade  
                                        CHIEF UNITED STATES DISTRICT JUDGE